IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TROY McCULLEY, | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Case No. 5:18-cv-00108-RWS-JBB |
| | § | |
| JAMES McCORMICK, ET AL. | § | |
| Defendants. | § | |

# ORDER

Plaintiff Troy McCulley, a former inmate of the Bowie County Correctional Center proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights during his confinement in Bowie County. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The Defendants remaining in the case are former Warden James McCormick, Officer Kody Bartlett and Director of the Arkansas Department of Corrections Wendy Kelly.

Plaintiff complains of an incident on May 5, 2018, when he was assaulted with a weapon by another inmate named Kenneth White. *See* Docket No. 1; Docket No. 12; Docket No. 21. Plaintiff stated that Officer Bartlett stood outside the door and watched, without attempting to intervene or to help him, for seven to ten minutes. *Id.* at 4. Finally, Officer Bartlett and other officers entered the cell and called the medical department. *Id.* Plaintiff was transported to a free-world hospital, Wadley Regional Medical Center, and treated for his injuries.

Plaintiff claimed that Warden McCormick instituted a policy for his guards to fail to act when prisoners fight. *Id.* He complained that Director Kelly acted with deliberate indifference by placing White in the cell with him when White had a criminal history of second-degree battery, probation revocation, aggravated assault, terroristic threat and disciplinary violations within the

Arkansas Department of Corrections. Those violations include interfering with operations, promoting or agitating a fight, refusing an assignment, battery and threats to inflict injury. He also stated that Officer Bartlett stood outside the cell door and did nothing during the assault.

Warden McCormick and Officer Bartlett were ordered to answer the lawsuit (Docket No. 30) and have filed motions for summary judgment (Docket Nos. 38, 47, 75), to which Plaintiff filed responses (Docket Nos. 39, 50, 76). After review of the pleadings, the Magistrate Judge issued a Report recommending the motions for summary judgment be granted and the lawsuit dismissed. Docket No. 78. The Magistrate Judge concluded that Plaintiff failed to show Warden McCormick was deliberately indifferent to his safety by placing White in proximity to Plaintiff. *Id.* at 10–11. While Warden McCormick acknowledged that by policy, correctional officers are not required to immediately physically intervene in altercations between inmates if they cannot do so safely, the Magistrate Judge stated that this policy is not unconstitutional because no rule of constitutional law requires unarmed officials to endanger their own safety to protect a prisoner threatened with physical violence. *Id.* at 10, 13 (citing *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006); *Arenas v. Calhoun*, 922 F.3d 616, 621 (5th Cir. 2019)).

Similarly, the Magistrate Judge concluded that Officer Bartlett was not deliberately indifferent to Plaintiff's safety in refusing to intervene in the fight, particularly in light of the fact that White had a weapon. *Id.* at 13. The Magistrate Judge also determined that Warden McCormick and Officer Bartlett were entitled to qualified immunity. *Id.* at 13–14.

The Magistrate Judge further stated that Plaintiff's conclusory allegations were insufficient to show that Director Kelly was personally involved in a constitutional deprivation or that she implemented an unconstitutional policy which was the moving force behind a constitutional deprivation. *Id.* at 13. Plaintiff did not suggest that Director Kelly had personal knowledge of his or White's cell assignments, nor did he point to any policies resulting in a constitutional

deprivation; the mere fact that she was the Director of the Arkansas Department of Corrections did not make her liable. The Magistrate Judge therefore recommended that Plaintiff's claims against Warden McCormick and Officer Bartlett be dismissed with prejudice as without merit, and the claims against Director Kelly be dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id.* at 14–16.

In his objections, Plaintiff contends first that he is supposed to be given the benefit of the doubt and implies that disputed issues of fact exist, although he does not identify any such disputes. *See* Docket No. 80 at 1–2. The Magistrate Judge's Report assumed the facts as alleged by Plaintiff were correct and analyzed these facts under the applicable law. This objection is without merit.

Next, Plaintiff asserts he can prevail at trial if he has a lawyer and "proper discovery," although he does not indicate what information he believes he can elicit through additional discovery. *Id.* at 2. The critical facts in the case are that Warden McCormick had a policy that guards should not intervene in altercations if they believe they would be put in danger by doing so, and that Officer Bartlett followed this policy and did not intervene in White's assault upon Plaintiff until backup arrived. Neither side disputes these basic facts; the Magistrate Judge recommended granting the motions for summary judgment based upon clearly established law, not a resolution of disputed facts.

Plaintiff states he alleged Director Kelly "placed a dangerous, unstable inmate in minimum security general population" and "placed me in a situation that exposed me to serious physical harm." *Id.* at 3. He further alleged Director Kelly "acted with deliberate indifference to prison conditions that exposed prisoner to an unreasonable risk of serious harm" and that Director Kelly "is responsible for the overall operations of each institution under her jurisdiction." *Id.* He maintains that he can prove all this and more with "proper discovery." *Id.* at 4.

As the Magistrate Judge correctly determined, Plaintiff's allegations concerning Director

Kelly are entirely conclusory and do not state a claim upon which relief may be granted. His claim is plainly based on the fact that Director Kelly is the Director of the Arkansas Department of Corrections and purportedly responsible for the conditions of confinement for all Arkansas prisoners; this is a claim of supervisory liability, also known as *respondeat superior*, which is not applicable in § 1983 litigation. *See Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*).

Instead, a supervisor may be held liable if she affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing Director Kelly affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Wells v. Collier*, No. 9:17-cv-80, 2020 WL 1248649 (E.D. Tex. 2020), *aff'd* 834 F. App'x 949 (5th Cir. 2021). The fact that Director Kelly was not ordered to answer and did not appear in the lawsuit does not affect the power of the Court to dismiss the claims against her under 28 U.S.C. § 1915(A).

In addition, the Supreme Court has explained that a plaintiff armed with nothing more than conclusions—such as Plaintiff's claims against Director Kelly—cannot unlock the doors of discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014). Plaintiff's objection on this point is without merit.

Plaintiff asserts that opposing counsel should be held in contempt for making "false statements" and the Magistrate Judge should be sanctioned for "trying to cover for them," asking "who got paid off by who." *Id.* at 4–5. He interprets a citation saying "not every injury suffered

by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety" as implying that he did not suffer sufficient injury to bring a constitutional claim, but in fact the citation refers to the standard for deliberate indifference, not the quantum of injury. *Id.* at 6. This objection is without merit.

Turning to the issue of qualified immunity, Plaintiff notes the Magistrate Judge's conclusion that he failed to meet his burden of showing that Warden McCormick or Officer Bartlett violated a clearly established constitutional right or that a reasonable official would know that their conduct violated the Constitution. *Id.* at 7–8. He says "you know she [the Magistrate Judge] knows I have done what was required of me at this time or it would not have taken her till the bottom of 14 pages to get around to making this claim or stalled for all this time in making this report. The case would not have got this far if I had not met the requirements and the grounds for a claim. This is why my claim was accepted by the court and these defendants were served. I have proven by sworn statements and affidavits and by pointing to where it can be found in the records - statements already on file in this case - these genuine issues." *Id.* at 8.

These allegations are insufficient to overcome Plaintiff's burden on the issue of qualified immunity. Significantly, Plaintiff does not controvert the Magistrate Judge's conclusion that based upon clearly established law, Officer Bartlett was not deliberately indifferent by failing to intervene in the fight, and Warden McCormick's policy that officers were not required to intervene in fights where intervention would not be safe was not unconstitutional. Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review,

the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 78) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motions for summary judgment of the Defendants Warden McCormick (Docket No. 47) and Officer Bartlett (Docket No. 75) are **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the claims against Director Kelly are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this 12th day of July, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE